TURNER v. MOORE et al.

(Circuit Court of Appeals, Eighth Circuit. January 19, 1914.)

No. 3801.

1. PATENTS (§ 26*)—INVENTION—COMBINATION OF OLD ELEMENTS.

It does not constitute patentable invention to bring elements, all of which were clearly disclosed in prior patents, although separately, together in a combination in which each performs merely its old function.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 27–30; Dec. Dig. § 26.*

Patentability of combinations of old elements as dependent on results attained, see note to National Tube Co. v. Aiken, 91 C. C. A. 123.]

2. PATENTS (§ 328*)—INVENTION—REINFORCED CONCRETE CONSTRUCTION.

The Turner patent No. 985,119, for a reinforced concrete building construction, held void for lack of invention in view of the prior art.

Appeal from the District Court of the United States for the District of Minnesota; Charles A. Willard, Judge.

Suit in equity by Claude A. P. Turner against Morris E. Moore and Edward J. Scriver, partners under the name of Moore & Scriver. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 198 Fed. 134.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles J. Williamson, of Washington, D. C. (Louis A. Hubachek, of Minneapolis, Minn., on the brief), for appellant.

H. E. Fryberger, of Minneapolis, Minn., for appellees.

Before HOOK and SMITH, Circuit Judges, and VAN VALKEN-BURGH, District Judge.

HOOK, Circuit Judge. Turner sued Moore & Scriver for infringement of claims 1, 4, and 6 of his patent No. 985,119, February 21, 1911, for new combination in reinforced concrete building construction. He appeals from a decree of the trial court dismissing his bill on the ground of noninfringement.

The claims of the patent contemplate reinforced concrete columns in a building structure of one or more stories, with intervening slab floors integral therewith; the columns having cantilever heads; the column reinforcement being vertically continuous, that of the cantilever heads independent thereof, and that of the floor slabs being groups of rods running across the column heads from column to column in various directions. The cantilever rods are elbow shape, the lower portions extending downward into their respective columns, and the upper portions radiating laterally from the column tops into the floor structure. In another form specified the elbow extensions are supplemented by rods crossing the columns and projecting into the slab. In one of the claims the lower members of the elbow rods are not expressed as being independent of the vertical column rods. In the structure of the patent, beams or girders as floor supports are dispensed with.

[1, 2] The column and flat slab construction was old in the art, and was so declared by the Patent Office. Except as to the elbow rods the evidence before the trial court was full and convincing that none of the plaintiff's particular elements were new. This was so completely established by prior patents, publications, and designated structures that no pains need be taken to enumerate and discuss them. Counsel argue that as no single prior patent, publication, or structure exhibited all the elements of the claims in suit, the defense must fail. But if they were clearly disclosed before, though separately, it was not invention to bring them together as the plaintiff did. For example, it is not invention to take a fire pot from an old stove, a flue from another, and a coal reservoir from a third and assemble them, where each merely performs its old functions in its new location. Hailes v. Van Wormer, 20 Wall. 353, 22 L. Ed. 241. Plaintiff's column rods were, in function, the old column rods, and nothing more. His floors of flat slabs without beams or girders were old and so of their reinforcement by groups of rods passing in various directions over the points of support. The cantilever rods extending across the tops of the columns into the supported structure were also old. The plaintiff merely selected and assembled old things in aggregation, and pushed them with enterprise and publicity.

The elbow device is plainly disclosed in patent No. 667,871 to Ellinger, February 12, 1901. His was a column, beam, and floor construction, but the extension of the horizontally bent rods into the floor

itself was suggested, even if it would not naturally occur to a person of ordinary skill in the art. In Ellinger's specifications it is said:

"As shown in Figs. 1 and 2 the column and beam are in one continuous structure, the upper ends of the rods 1 on the opposite sides of the column being turned outwardly at right angles and embedded in the cemented material of the beam. The column may, however, be made separately from the beam, or it may be formed integral with a section of the floor or other structure which it is to support."

In this patent the lower members of the elbow rods are employed as column reinforcement, and seem to extend to the foot of the column, whereas in two of the three claims in suit they are separate or independent. But this difference is for economy in the use of metal and for convenience in working, and a change from one to the other would hardly deserve the dignity of invention. Thus in his original application the plaintiff specified that:

"When the column reinforcement consists in the banded and bound vertical rods I bend the rods outward at the top of the column and extend the laterally bent portions thereof horizontally; but where the column reinforcement consists of the banded and bound bars of structural steel (members too rigid to be practically bent) I employ the elbow ribs the vertical portions of which I arrange within the column and the horizontal portions of which I arrange within the floor slab," etc.

In the final amendment of the specifications which are incorporated in the patent as issued emphasis is put upon the independency of the elbow and column rods. The idea seems to have come with the struggle in the Patent Office. The extension of the lower members of the elbow rods into the column is for anchorage, and in Ellinger's device it is accomplished by the upper part of his column rods. For this function the devices are mechanical equivalents, and so nearly alike that a change from Ellinger's to plaintiff's would naturally suggest itself to a person who in building a structure of two or more stories desired the column rods continuous instead of bent out laterally at the top of each column. But even this independency was not the plaintiff's invention. It was disclosed in the work of Berger and Guillerme entitled La Construction en Ciment Armé, published in Paris in 1902, which testimony shows is a standard work of high authority. One volume consists largely of text and illustrations and the other of plans and drawings. Plate xlii in the latter shows a reservoir with a flat slab bottom and a column in the center supporting an arch slab top. Some of the vertical column rods are bent elbow like outward into the footing of the column and rods in the roof or top are bent downward into the column where they are independent of the column reinforcement. A cross-section of the top of the column shows the horizontal rods radiating into the adjacent structure. It may also be observed that Plate xlvi of the same volume shows in skeleton form the reinforcement rods of a column bent outward elbow like at both top and bottom. Indeed, passing all other evidences of the prior art, including physical structures in various parts of the country, this work, published about eight years before plaintiff's application for the patent before us, and more than two years before the application for his prior patent, No. 859,858, discloses by itself almost every other ele-

ment of the claims now in suit—columns with vertical rods, integral with and supporting flat slab floors without beams or girders, and groups of rods in flat slab construction running in different directions over the columns from column to column. Circumferential rings and struts or braces in the enlargement of the column heads are also illustrated. Cantilever bars lying across and projecting beyond the heads of supports were old with Hennebique. One disposition of them is shown in his patent No. 611,907, October 4, 1898, for a joist or girder construction, and their adaptability to a flat slab is obvious.

The decree is affirmed.

VAN VALKENBURGH, District Judge (concurring). Both the Supreme Court and this court have distinctly announced the conditions under which a new combination, all the constituents of which were well known and in common use before the combination was made may be patentable. Parks v. Booth, 102 U. S. 96–102, 26 L. Ed. 54; Loom Co. v. Higgins, 105 U. S. 580, 26 L. Ed. 1177; Potts v. Creager, 155 U. S. 597, 606, 608, 15 Sup. Ct. 194, 39 L. Ed. 275; National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co. (C. C. A.) 106 Fed. 693, 45 C. C. A. 544; J. L. Owens Co. v. Twin City Separator Co. (C. C. A.) 168 Fed. 259, 93 C. C. A. 561; Naylor v. Alsop Process Co. (C. C. A.) 168 Fed. 911–917, 94 C. C. A. 315; also Hailes v. Van Wormer, 20 Wall. 353, 22 L. Ed. 241. In the latter case it was said:

"Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect, without the production of something novel, is not invention."

Here, as pointed out in the opinion of the court, the constituent elements of the patent in suit were well known, and performed the same functions in the same art, though not all disclosed in a single prior patent, publication or structure. For this reason, and for the additional reason that I believe the trial court was correct in its conclusion that defendant's building did not infringe complainant's patent, I concur in the foregoing opinion.