TURNER v. DEERE–WEBBER BLDG. CO. et al.

(District Court, D. Minnesota, Fourth Division. October 4, 1916.)

PATENTS ☞328—VALIDITY AND INFRINGEMENT—REINFORCED CONCRETE CONSTRUCTION.

The Turner patent, No. 985,119, for steel skeleton concrete construction, claims 1, 2, 4, 6, and 8 *held* void for lack of invention, in view of the prior art, and also not infringed.

In Equity. Suit by Claude A. P. Turner against the Deere-Webber Building Company and the Deere & Webber Company. On final hearing. Decree for defendants.

Charles J. Williamson, of Washington, D. C., for plaintiff.
Amasa C. Paul, of Minneapolis, Minn., for defendants.

BOOTH, District Judge. Plaintiff claims that the Deere & Webber building infringes claims 1, 2, 4, 6, and 8 of plaintiff's patent, No. 985,119, issued to him on the 21st day of February, 1911. The de-

fenses are: First, noninfringement; and, second, invalidity of plaintiff's patent, so far as the claims above mentioned are concerned.

Claims 1, 4, and 6 of said patent were before this court in the case of Turner v. Moore, 198 Fed. 134, and upon appeal before the Circuit Court of Appeals, 211 Fed. 467, 128 C. C. A. 138. The Moore structure involved in that case was substantially the same as the Deere & Webber structure involved in the case at bar. Judge Willard held that the Moore structure did not infringe either of said claims 1, 4, or 6, and dismissed the bill. In the Circuit Court of Appeals it was held that the elements in claims 1, 4, and 6 were all old, and that the bringing of them together, as plaintiff did, into one structure, was not invention, and that the patent No. 985,119, at least so far as claims 1, 4, and 6 were concerned, was void for lack of invention, in view of the prior art. Judge Van Valkenburgh, in his concurring opinion, also held that the Moore structure did not infringe plaintiff's patent. While that decision did not render the question involved in the case at bar res adjudicata, the parties not being the same, yet, in the absence of new evidence, the decision would be controlling in this court in considering the same claims. But it is the contention of counsel for plaintiff that new evidence is before the court in the case at bar, and that if such evidence had been before the Circuit Court of Appeals in the Moore Case the conclusions reached would have been different. Upon a careful consideration of all the evidence in the case and the arguments of counsel, I have reached the same conclusions as to the Deere & Webber structure, as regards claims 1, 4, and 6, as were reached by Judge Willard as to the Moore structure, and I have also reached the same conclusion reached by the Circuit Court of Appeals, as to lack of invention.

Counsel for plaintiff insists that the Circuit Court of Appeals in the Moore Case, as well as in the case of Drum v. Turner, 219 Fed. 188, 135 C. C. A. 74, failed to understand the Turner invention, and that the conclusions reached in both of the cases were wrong, to wit, in the Moore Case that the elements in claims 1, 4, and 6 of Turner's patent were all old, and that Turner merely assembled them; and in the Drum Case that Norcross was the real inventor of metallic concrete flooring without supporting beams, and that Turner's floor structure, in accordance with his patents 985,119 and 1,003,384, was an infringement of Norcross.

A careful review of the evidence which it is claimed leads to different conclusions from those reached by the Circuit Court of Appeals in the cases above cited has not proved persuasive to that end. The evidence is largely in the nature of explanations and opinions by experts touching the efficiency of the Turner structure, and the methods of calculating or demonstrating the strength of the structure; but it has no decisive bearing upon the question whether the elements contained in claims 1, 4, and 6 were new or old, and whether the assembling of them by Turner constituted a patentable combination, or merely an unpatentable aggregation. Most of the contentions now made as to claims 1, 4, and 6 were presented to the Circuit Court of Appeals in the Moore Case, either upon the hearing

of the appeal or upon the application for rehearing. Accordingly I hold that the case at bar, so far as claims 1, 4, and 6 are concerned, is controlled by the case of Turner v. Moore.

Claims 2 and 8 were not involved in the Moore Case, and it is claimed by counsel for plaintiff that each of these claims is infringed by the Deere & Webber structure, and that each of these claims is valid.

Claim 1 contains the following elements:

A. Concrete slab.
B. Concrete columns formed in an integral mass.
C. Cantilever heads.
  1. Situated in the slab.
  2. At the tops of the columns.
  3. Extending into the slab.
  4. Having members extending downward into the column. The members supported in the column reinforcement, and formed of reinforcing material.
D. Column reinforcements other than the portions of the heads therein.
E. Groups of rods extending through the slab in different directions over the heads.

Claim 2 contains the following elements:

A. Concrete slab.
B. Concrete column.
C. Cantilever heads.
  1. In the form of a framework of rods.
  2. A portion of the framework extending laterally into the slab.
  3. A portion of the framework extending downward into the column, but partially therethrough.
D. Column reinforcement other than said rods.
E. Slab reinforcement extending from said framework.

Claim 4 contains the following elements:

A. Concrete slab.
B. Concrete columns in vertical alignment.
C. Column reinforcement extending continuously through vertical line of columns.
D. Cantilever heads separate from column reinforcement, comprising
  1. Crossed rods in the slab extending laterally outward from the column, in different directions.
  2. Rods extending from the head downward into the column.
E. Groups of rods.
  1. Extending crosswise of the head.
  2. Through the slab from column to column.
  3. In direct and diagonal lines.
  4. Being toward the bottom of the slab between the columns.

Claim 6 contains the following elements:

A. Concrete slab.
B. Columns in vertical alignment.
C. Column reinforcement extending continuously through vertical aligning columns.
D. Groups of rods constituting slab reinforcement.
  1. Extending across the columns.
  2. From column to column in different directions.
E. Supplemental slab and column reinforcement, consisting of vertical rods situated in columns which terminate in the slab in outwardly bent ends.

Claim 8 contains the following elements:

A. Plurality of concrete columns with vertical reinforcement therein.

B. Separate and distinct set of reinforcing elements.
- 1. Imbedded in the column.
- 2. Principally supported thereby.
- 3. Ends of the reinforcing elements separated so as to radiate from column into the floor slab toward substantially all parts thereof.

C. Concrete floor slab.
- 1. Imbedding said radiating means.
- 2. Supported by said radiating means.

If, now, we consider claim 2, we find that element A thereof is found in element A of claim 1, in element A of claim 4, and in element A of claim 6. We find that element B is found in element B of claim 1, in element B of claim 4, and in element B of claim 6. We find that element C is found in element C of claim 1, in element D of claim 4, and in element E of claim 6. We find that element D is found in element D of claim 1, in elements C and D of claim 4, and in elements C and E of claim 6. We find that element E is found in element E of claim 1, in element E of claim 4, and in element D of claim 6. We thus find that all of the elements of claim 2 have their counterpart in claims 1, 4, and 6.

If, now, we consider claim 8, we shall find that element A is found in elements B and D of claim 1, also in elements B and C of claim 4, and in elements B, C, and E of claim 6. We shall also find that element B is found in element C4 of claim 1, in element D of claim 4, and in element E of claim 6; and we shall also find that element C is found in element E of claim 1, in element E of claim 4, and in element D of claim 6. We thus find that each of the elements in claim 8 is found in claims 1, 4, and 6.

This conclusion does not mean that all of the claims are alike, nor that claims 2 and 8 are either of them exactly like any other claim; but it does mean that there is no element in claim 2 which is not found in either 1, 4, or 6, and no element in claim 8 which is not also found in 1, 4, or 6. Further, if, as held in the Moore Case, all of the elements in 1, 4, and 6 were old and their assemblage by plaintiff formed merely an unpatentable aggregation it would seem to follow that the assembling of a part of the same old elements to make up claims 2 or 8, would also be mere unpatentable aggregations. Such is plainly the result here.

It is true that in claim 2, in describing the cantilever head, is found the expression "in the form of a framework of rods," and that this expression does not occur in the other claims. The cantilever head, however, described in claim 1 and in claim 4, and the supplemental slab and column reinforcement in claim 6 (which really amounts to a cantilever head), are each and all of them in reality, framework of rods. The circumferential rings or rods in the cantilever head are no more called for by claim 2 than by claim 1.

Further, the definition given by plaintiff's expert, Mr. Martin, in the Moore suit, makes no distinction between the cantilever head of the several claims. He says:

"Cantilever head, as I have used it, and as I understand it, as used in the Turner patent in suit, refers to the open framework or reinforcement formed at the top of the column in the slab, and extending outward from the column into the slab in every direction."

It would seem, therefore, that there is no such importance to be attached to the use of the word "framework," in claim 2, as would distinguish it from claims 1, 4, and 6.

The suggestion in the memorandum of counsel for plaintiff, "Apparently the Court of Appeals understood it to include such a cantilever head as that of Ellinger or Hennebique where there is no framework, but merely rods running through the beam parallel with each other," has no persuasive force. The Circuit Court of Appeals having before it the two figures of the cantilever head shown in the patent drawings, and the definition of the cantilever head given by the expert, Martin, unquestionably knew that the plaintiff claimed the cantilever head to be in the form of a framework of rods under claims 1, 4, and 6.

It is also true that in claim 8 there is used in relation to a separate set of reinforcing elements, the expression "radiate from the column into the floor slab towards substantially all parts thereof"; whereas, in claim 4 the cantilever head rods are said to extend laterally outward in different directions.

Here, again, the slight difference in the phraseology is not of importance, and was not so considered by the expert, Martin, in the definition given above. In my judgment, there is no such difference between claims 2 and 8 on the one hand, and claims 1, 4, and 6 on the other hand, as would necessitate a different conclusion as to claims 2 and 8, either with reference to the question of infringement thereof by the Deere & Webber structure, or with reference to the question of invention, in view of the decision of the Circuit Court of Appeals in the Moore Case.

The conclusions, therefore, which I reach are: First, that the defendants' structure does not infringe any of the claims 1, 2, 4, 6, or 8. Second, that said claims, and each of them, are void for lack of invention in view of the prior art, as held in the case of Turner v. Moore, supra.

Let the decree be prepared dismissing the bill, in accordance with the foregoing decision, with costs to the defendant.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes