TURNER v. LAUTER PIANO CO. et al.

(District Court, D. New Jersey. October 11, 1916.)

1. PATENTS ☞118—ISSUANCE—PRESUMPTIONS.
    As there can be no presumption that the Patent Office examiners have knowledge of construction methods throughout the country according to engineering opinion, patents which on their face give monopolies in the ordinary use of materials for structural purposes, in the combination of such materials and in the engineering or mathematical problems relating to such construction, do not carry the same prima facie presumption of validity as in the case of ordinary mechanical patents.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 170, 170½; Dec. Dig. ☞118.]

2. PATENTS ☞328—INVENTION—REINFORCED CONCRETE CONSTRUCTION.
    The Turner patent, No. 985,119, for steel-skeleton concrete construction, *held* void for lack of invention in view of the prior art.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. PATENTS ⟨⟩328—VALIDITY—CONCRETE CONSTRUCTION—INFRINGEMENT.
     The Turner patent, No. 1,003,384, for steel-skeleton concrete construction, *held* invalid for anticipation and infringement of the Norcross patent, No. 698,542.

In Equity. Suit by Claude A. P. Turner against the Lauter Piano Company and another. Bill dismissed.

Chas. J. Williamson, of Washington, D. C., for complainant.
A. C. Paul, of Minneapolis, Minn., for defendants.

ORR, District Judge. This is an ordinary patent suit. The plaintiff is the owner of United States patent No. 1,003,384, for "steel-skeleton concrete construction," issued to him September 12, 1911, and the owner also of United States patent No. 985,119, for "steel-skeleton concrete construction," issued to him February 21, 1911. The former may be called the parent patent and the latter a divisional patent. The plaintiff charges the defendants with the infringement of his patents in the construction and use of a large building in the city of Newark in said district. The building was erected by the American Concrete Steel Company for the Lauter Piano Company and has been and is now used by the latter. The defenses set up are that the patent is invalid and that the defendants have not infringed.

Both patents relate to the reinforcement of concrete in the construction of buildings. The reinforcement of concrete is necessary, of course, to give the material the strength to resist the strains to which it may be put. It is not ordinarily reinforced to enable it to resist ordinary compression strains, because the vast remains of Roman civilization disclose an extensive use of concrete in construction where the effect of compression strains have been apparently negligible. Where, however, the horizontal section of the concrete mass is short, and the vertical section is long, and compression is vertical (as in a column) there must be reinforcement. Tensile strains and shearing strains, if they are differentiated, must be taken care of by reinforcing the concrete in the places where such strains are to be found. The character and location of such strains are determined empirically by many, but can be, and more often are, with reasonable accuracy determined by engineering methods.

[1] The ordinary material used in reinforcing concrete is iron or steel, because of its great tensile strength. It is used in the form of wire netting, in the form of bars, and in other forms. Sometimes the reinforcing rods are unattached to each other, and sometimes they are attached in order to preserve the framework of the reinforcing material until it may be imbedded in the concrete. The rods are sometimes twisted, but often bent at proper angles, in proper places, in order that they may be better held in place by the compression of the concrete. We therefore have in this case patents which upon their faces give monopolies in the use of ordinary materials for structural purposes, in the combination of such materials, and in the engineering or mathematical problems relating to such construction. Where such conditions exist, the weight to be given to the patents as prima

facie evidence of their validity is considerably weakened. If there could be a presumption that the Patent Office examiners had knowledge of what was going on throughout the country in the uses of ordinary materials for structural work, according to diversified engineering opinion, the weight to be given to the patent should be as great as in the case of a machine or other form of mechanical apparatus.

[2] It is unnecessary to refer to the specifications of the several patents at great length. It is significant that the patentee places emphasis upon the necessity of placing his reinforcement where the stresses are to be found. He states in one place that in warehouses and similar buildings the load is naturally concentrated around the columns; otherwise, the aisles or passageways would be obstructed. That he therefore should have placed most of his reinforcing material around and connected with the columns which support the flooring is what any other thoughtful engineer might do.

From the foregoing observations, it seems plain that neither of the patents are of a broad fundamental character. The claims of patent No. 985,119, which are in suit, are as follows:

4. "In flat slab and column construction of concrete the combination of a concrete slab, concrete columns in vertical alignment above and below the slab, column reinforcement extending continuously through a vertical line of columns, cantilever heads separate from the column reinforcement, comprising, each, crossed rods imbedded in the slab and extending laterally outward from the column in different directions, rods extending from the said head downward into the column, and groups of rods extending crosswise of the head through the slab from column to column in direct and diagonal lines, said rods being toward the bottom of the slab between columns."

8. "In flat slab and column construction of concrete, the combination of a plurality of concrete columns and vertical reinforcements therein, of a separate and distinct set of reinforcing elements imbedded in the column and principally supported thereby, the ends of said separate set of reinforcing elements being separated so as to radiate from the column into the floor slabs toward substantially all parts thereof, and a concrete floor slab imbedding and supported by said radiating means."

This patent was the subject of litigation in the Eighth Circuit. Turner v. Moore, 211 Fed. 466, 128 C. C. A. 138. The Circuit Court of Appeals held that claims 1, 4, and 6 of the patent were invalid. The decision of that court was proper, notwithstanding the earnest efforts of counsel for the plaintiff in the present case to diminish the effect thereof.

Claim 8 of that patent, which is now involved in the present litigation, is not so different from claim 4 as to lead this court to think that it should be sustained. We therefore conclude that the claims of Turner patent No. 985,119, which are involved in this litigation, are invalid.

[3] The claims of Turner patent, No. 1,003,384, which are involved, are as follows:

1. "An arrangement of reinforcement for a column-supported flat plate floor of concrete, comprising a plurality of circumferential cantilever members, respectively situated in the upper part of the slab at the columns and projecting therefrom, and reinforcing means extending from member to member in multiple directions through the space between said members, and filling, or substantially filling, such space."

5. "An arrangement of reinforcement for a column-supported flat plate floor of concrete, comprising multiple belts or rods that extend from column to column in two directions directly, and in two directions diagonally, portions of said belts being beyond the columns on opposite sides and forming cantilevers, the rods running in intersecting directions crossing at the columns in the upper part of the floor, and the cantilever-forming portions of rods of one belt supporting rods of another belt, the area between the columns being covered, or substantially covered, by reinforcements."

10. "In a structure of reinforced concrete comprising columns, and a flat plate floor slab, the combination of an open frame consisting of crossed rods at the top of a column extending partially into the slab contiguous to the column and belts of rods extending crosswise of said open frame and passing through the slab directly and diagonally in straight lines from column to column.

11. "The combination of concrete columns, and a flat plate floor slab of concrete supported directly thereon, horizontally arranged bars in the slab at the top of the columns, and supported thereby with their free ends extending outward into the slab from the columns forming cantilevers, and belts of reinforcement extending in mutiple directions through the slab from support to support, and supported by said cantilevers."

16. "The combination of concrete columns, and a flat plate floor slab of concrete supported directly thereon, horizontally arranged upon frames imbedded in the concrete at the top of the columns extending transversely of the column axis, belts of reinforcement extending in multiple directions through the slab from column to column and supported by said frame, the belts being of a width to substantially cover the area between the columns."

17. "In a reinforced concrete structure, the combination of supports, consisting of columns of concrete, and a flat plate floor slab of concrete supported directly thereon, belts of reinforcement extending through the slab to the supports in four directions, said reinforcements having a thickness of four belts over the support in the upper part of the slab, a thickness of two belts in a diagonal direction midway between the supports in the bottom part of the slab, a thickness of one belt midway between the supports directly from one support to the other in the lower part of the slab, and a set of reinforcements extending transversely of the column axis and projecting beyond the tops of the columns."

· This patent has been the subject of litigation also in the Eighth Circuit. Drum v. Turner, 219 Fed. 188, 135 C. C. A. 74. It is there held that a construction substantially after the manner pointed out·in the specifications of letters patent No. 985,119 and No. 1,003,384, issued to Claude A. P. Turner, February 21, 1911, and September 12, 1911, respectively, was an infringement of claims 1, 3, and 4 of patent No. 698,542, issued to O. W. Norcross, April, 29, 1902.

This court is satisfied that the conclusions reached by the Court of Appeals in the Eighth Circuit in the case last cited should be adopted. Strenuous efforts on the part of the plaintiff to diminish the effect of that decision must fail. The Norcross patent is set up in the present case as an anticipation of the patents in suit. It seems clear that, if a construction in accordance with the patents in suit would infringe the Norcross patent, the Norcross patent must be an anticipation of the patents in suit. The effect of this decision is not weakened by the decision of the Court of Appeals of the First Circuit in the case of Turner v. Quincy Market Cold Storage & Warehouse Co., 225 Fed. 41, 140 C. C. A. 367. That case principally decided that a tenant, occupying under lease a building the construction of which embodies a patented feature, is not necessarily a "user" of the invention in such a sense as to be an infringer. Further consideration of the

prior art, either as found in structures, patents, or publications offered in evidence on the part of the defendant, would but unnecessarily lengthen this opinion.

The claims of both patents which are relied upon by the plaintiff in this suit are invalid. The bill must be dismissed, at the cost of the plaintiff. Let a decree be drawn.