### TURNER v. DEERE & WEBBER BLDG. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1918. Rehearing Denied May 10, 1918.)

No. 4998.

PATENTS ⨂328—INVENTION—ANTICIPATION.
    The Turner patent, No. 985,119, for improvements in reinforced concrete building construction, claims 1, 2, 4, 6, and 8, held void for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Suit by Claude A. P. Turner against the Deere & Webber Building Company and another. From a decree for defendants (238 Fed. 377), complainant appeals. Affirmed.

Frank A. Whiteley, of Minneapolis, Minn. (Willard Eddy, of Omaha, Neb., on the brief), for appellant.

A. C. Paul, of Minneapolis, Minn., for appellees.

Before HOOK, CARLAND, and STONE, Circuit Judges.

HOOK, Circuit Judge. This case involves claims 1, 2, 4, 6, and 8 of patent No. 985,119, issued February 21, 1911, to Claude A. P. Turner, the plaintiff, for new and useful improvements in reinforced concrete building construction. The trial court held the claims void for want of novelty and invention; also that defendants had not infringed. 238 Fed. 377. The plaintiff appealed.

⨂For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Turner v. Moore, 128 C. C. A. 138, 211 Fed. 466, we had previously decided that the elements of three of the claims, Nos. 1, 4, and 6, were old, and that it was not invention to bring them together as the plaintiff did. It is urged that that case is not conclusive of the one now before us, because the parties are not the same, and also because we have here two claims not then considered, and we are asked to consider much evidence not before presented or available. We have given due attention to these matters. The trial court discussed in detail the similarity of the two additional claims now involved to the three in the Moore Case and held there were no substantial differences. The court was clearly right; the differences were those of phraseology, not of principle or function, of which notice is taken in the patent law. The additional evidence in the present record has but served to confirm the conclusion in the prior case. The truth is that plaintiff was by no means a pioneer. The use of concrete in building construction was old. Its resistance to compression and susceptibility to other stresses in certain positions were familiar to all who had to do with it, as were the general principles of reinforcing it with wire, rods, or strips of metal which possessed the quality the concrete lacked. When the plaintiff entered, the art had so progressed that the nature of the stresses, and in a general way the places where the reinforcement should be disposed or arranged, were a part of the common knowledge of builders, as in greater degree was the subject of struts, braces, and the like in carpentry. In pretentious or complicated construction, where ordinary experience did not suffice, mathematical computation was available. The evidence of prior practice in building and prior publications and patents show that little was left for patentable invention in placing the customary pieces of metal here or there or turning them this way or that in the mass of concrete.

Since the Moore case the plaintiff's patent has been in judgment in the following cases: In Drum v. Turner, 135 C. C. A. 74, 219 Fed. 188, also in this court, it was held anticipated by the prior patent to Norcross, No. 698,542, April 29, 1902. In Turner v. Lauter Piano Co., 236 Fed. 252, the District Court for the District of New Jersey decided that claims 4 and 8 were void for lack of invention in view of the prior art. This conclusion was recently affirmed by the Court of Appeals of the Third Circuit. —— C. C. A. ——, 248 Fed. 930. That court said that the places at which the stresses or strains in given concrete constructions may be expected, "while susceptible of accurate mathematical ascertainment, are so well known that they are determined empirically by many engaged in the art." The court added:

"There is to-day neither invention nor novelty in merely placing metal reinforcement in concrete at places at which strains come. The very principle of reinforcement, as the word denotes, is to give force to or strengthen the place that is weak by adding something that is strong. Invention in reinforcement is to be found only in discovering a new principle or in employing new means, embodying the old principle."

The decree is affirmed.