LUTEN v. WASHBURN et al.

(Circuit Court of Appeals. Eighth Circuit. November 11, 1918. Rehearing Denied January 21, 1919.)

No. 4742.

PATENTS ⬤⇒328—CONSTRUCTION—VALIDITY.

The Luten patents, No. 852,970, claims 14, 15, and 16, No. 853,202, claim 17, No. 979,776, claim 1, and No. 989,272, claim 3, all for reinforced concrete construction, *held* invalid; not showing invention in view of the prior art.

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Suit by Daniel B. Luten against George Washburn and Weld County, Colo. From a decree dismissing the complaint, plaintiff appeals. Affirmed.

Russel T. MacFall, of Indianapolis, Ind., and Frank M. Hall, of Hillsdale, Mich. (Frank H. Drury, of Chicago, Ill., and Miles G. Saunders, of Pueblo, Colo., on the brief), for appellant.

A. J. O'Brien, of Denver, Colo. (Walter E. Bliss and Joseph C. Ewing, both of Greeley, Colo., on the brief), for appellees.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. The appellant commenced this action against appellees for infringement of United States letters patent numbered 852,970, 853,183, 853,202, 853,203, all dated May 7, 1907, 979,776, dated December 27, 1910, and 989,272, dated April 11, 1911, all issued to himself. The District Court held the patents void for lack of invention and dismissed the complaint. This is an appeal from that decree.

The patents relate to metal reinforced concrete bridges and similar structures. Appellees were alleged to have infringed the patents in the construction of what is known as "Sheep Draw Bridge" in Weld county, Colo. The specifications of the bridge called for a reinforced concrete bridge of the beam and slab type, of 30-foot span, supported on reinforced concrete abutments, 20 feet in width. In this court counsel for appellant has abandoned all claims for infringement, except as to claims 14, 15, and 16 of patent 852,970, claim 17 of patent 853,202, claim 1 of patent 979,776, and claim 3 of patent 979,272. The record shows that appellant has obtained 18 consent or pro confesso decrees declaring the patents in suit valid and infringed in different United States District Courts. In contested suits involving the claims here in-

volved, or similar claims, the Luten patents have been decided to be invalid for lack of invention in the following cases: Luten v. Allen, 254 Fed. 587, and Luten v. Young, 254 Fed. 591, in the United States District Court, District of Kansas; Luten v. Whittier, 251 Fed. 590, —— C. C. A. ——, in the Circuit Court of Appeals, Sixth Circuit; Luten v. Wilson et al., 254 Fed. 107, in the United States District Court, District of Nebraska; Luten v. Marsh et al., 254 Fed. 701, in the United States District Court, Southern District of Iowa; Ex parte Luten, 237 O. G. 917; In re Luten, 37 App. D. C. 379. So far as we know, the claims now before us, or similar claims, have not been held valid in any contested case. The claims read as follows:

### Patent No. 852,970.

14. "A bridge or arch of concrete or other suitable material having. wings joined thereto by rods imbedded in said wings and extending into the abutments."

15. "A bridge or arch of concrete or other suitable material having wings joined thereto by rods imbedded in said wings and extending into and through the abutments."

16. "A bridge or arch of concrete or other suitable material having wings joined thereto by rods imbedded in one of said wings and extending through the abutment into the opposite wing."

### Patent No. 853,202.

17. "A bridge of concrete or similar material having a reinforced spandrel or girder extending across the abutment or pier, and cantilevered on the abutment or pier, with tension members extending across the abutment or pier near the upper surface of the spandrel or girder."

### Patent No. 979,776.

1. "A reinforcement for concrete girders, beams, etc., comprising a lower horizontal tension rod and upper and lower shearing rods, each having a central horizontal part, inclined parts extending outwardly from opposite ends ot the central part and horizontal parts extending outwardly from the ends of said inclined parts, the central horizontal part of the lower shearing rod being longer than that of the upper shearing rod, and the horizontal ends of the upper shearing rod being longer than those of the lower shearing rod, substantially as set forth."

### Patent No. 989,272.

3. "The combination of an upright member with a transverse member and knee brace all of hardened plastic with imbedded tension members reinforcing the upright member and transverse member continuously adjacent the surfaces opposite the knee brace and extending away from said opposite surface of the transverse member intermediate its middle and the knee brace and other tension members embedded longitudinally through the knee brace."

An examination of the claims clearly shows that appellant's claim to invention, so far as the subject-matter thereof is concerned, is based upon the particular positioning of steel rods or metal bands in concrete or plastic material employed in the construction of bridges or culverts. This court, in Luten v. Sharp, 234 Fed. 880, 148 C. C. A. 478, speaking by Judge Sanborn, said:

"The use of steel and iron rods, wire mesh, expanded metal, and like articles imbedded in different ways in cement girders, beams, floors, posts, and other articles made of cement, to strengthen and reinforce them, was old, well known, and had long been practiced before the patented inventions of Luten here in question were discovered, and the question for review is one of fact."

The question of infringement was alone in issue in that case. Luten testified in the present case as follows:

"That principle of reinforced concrete is admittedly old—that steel is to be used in tension. I never have made any contention that I invented steel in tension in concrete bridges, or the use of steel in tension in many other places. What I have maintained is that I have placed the steel in a new way that produces better results, in a more efficient form. * * *

"Now, in a concrete bridge, the greatest efficiency is always secured by resisting tension or pull with steel rods. That has been established for half a century; not, perhaps, with curved tension members, but the basic idea is very old. There is no question about that."

The French patents, numbered 88,547 and 88,546, issued to François Coignet, April 6, 1869, for improvement in making artificial stone and in monolithic structures, the United States patent for construction of joists, girders, and the like, issued to François Hennebique, October 4, 1898, No. 611,907, United States patent for construction of metal concrete arch bridges, issued to H. V. Hinckley, April 25, 1899, and United ed States patent No. 696,838, for concrete arch construction, issued to W. C. Parmley, April 1, 1902, disclose the prior art and anticipate the claims in suit. In Turner v. Lauter Piano Co., 248 Fed. 930, —— C. C. A. —— (certiorari denied October 21, 1918), the Court of Appeals of the Third Circuit said:

"There is to-day neither invention nor novelty in merely placing metal reinforcement in concrete at places at which strains come. The very principle of reinforcement, as the word denotes, is to give force to or strengthen the place that is weak by adding something that is strong. Invention in reinforcement is to be found only in discovering a new principle, or in employing new means embodying the old principle. Therefore, one striving to find a new principle, or to invent a new means of concrete reinforcement under the old principle, enters a well-known and widely practiced art, and must do something more than care for tensile strains at places where they are known to come."

This language was approved by us in Turner v. Deere & Webber Building Co., 249 Fed. 753, —— C. C. A. ——, and Judge Hook, in delivering the opinion of the court in the same case, in speaking of the use of concrete in building construction used the following language:

"Its resistance to compression and susceptibility to other stresses in certain positions were familiar to all who had to do with it, as were the general principles of reinforcing it with wire, rods, or strips of metal which possessed the quality the concrete lacked. When the plaintiff entered, the art had so progressed that the nature of the stresses and in a general way the places where the reinforcement should be disposed or arranged were a part of the common knowledge of builders, as in greater degree was the subject of struts, braces, and the like in carpentry. In pretentious or complicated construction, where ordinary experience did not suffice, mathematical computation was available. The evidence of prior practice in building and prior publications and patents show that little was left for patentable invention in placing the customary pieces of metal here or there, or turning them this way or that, in the mass of concrete."

In Drum v. Turner, 219 Fed. 188, 135 C. C. A. 74, we sustained the Norcross patent for a metallic concrete flooring without supporting beams. The invention in that case, however, was for a floor without supporting beams, not merely the location of the reinforcing rods. In

Turner v. Moore, 211 Fed. 466, 128 C. C. A. 138, and in Turner v. Deere & Webber Building Co., supra, we held the Turner patent for a reinforced concrete building construction void for lack of invention in view of the prior art. Appellees claim that, in view of the prior art and on general principles, the claims in suit disclose mechanical or engineering skill alone. Appellant claims that he has placed the steel or reinforcing rods in a new way, that produces better results in a more efficient form. So it is the positioning of the reinforcing rods that is called invention. The question to be decided then, is this: In view of the prior art and on general principles, was it invention at the date of the patents to place the reinforcing rods as indicated in the claims of the patents, or was it simply the putting together by the exercise of mechanical or engineering skill things old in the art, to perform functions long known, in a manner anticipated in prior patents? Neither the specifications, claims, nor drawings of the patents in suit give any specific directions as to where the reinforcing steel should be placed. Steel rods are placed in concrete structures to resist tension or pull. It would seem to necessarily follow that it would require mechanical or engineering skill only to locate in any particular structure where the tension was, and the same skill to determine where the steel should be placed to resist such tension; but this would not be invention, which alone is patentable.

"Industry in exploring the discoveries and acquiring the ideas of others; wise judgment in selecting and combining them; mechanical skill in applying them to practical results—none of these are creation; none of these enter into the inventive act." Robinson on Patents, § 78.

In view of what was old and well known at the date of the patents, we can see no invention in the claims in suit. The wing walls in connection with bridges were old, the tying of the wings to the abutments was not new, and the employment of metal rods in connection with concrete, to strengthen the material and cause it to remain intact, was well known. We therefore agree with the Court of Appeals of the District of Columbia, in the case of In re Luten, supra, when it said:

"All therefore that appellant did was to put together by the exercise of the simplest mechanical skill things old in the art, to perform functions long known, in a matter anticipated in prior patents."

Decree below affirmed.