PARSON MFG. CO. v. COE.

(Circuit Court of Appeals, Third Circuit. February 10, 1911.)

No. 89.

1. PATENTS (§ 328*)—INFRINGEMENT—STEAM BLOWER.
    The Parson patent, No. 573,480, for a steam blower, as limited by its terms and the prior art, held not infringed.

2. PATENTS (§ 328*)—INFRINGEMENT—SMOKE-CONSUMING FURNACE.
    The Parson reissue patent No. 12,072 (original No. 681,457), for a smoke-consuming furnace, held not infringed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PATENTS (§ 328*)—INVENTION—GRATE BAR.
    The Parson patent, No. 702,585, for a grate bar, *held* void for lack of invention.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Suit in equity by the Parson Manufacturing Company against Charles T. Coe, trading as the New York Grate Bar Company. Decree for defendant (180 Fed. 742), and complainant appeals. Affirmed.

Arthur Steuart and James L. Steuart, for appellant.

Charles C. Gill, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the Parson Manufacturing Company, the patent owner, filed a bill against Coe and others, charging infringement of the several specified claims, viz.: Claim 1, patent No. 573,480, granted December 22, 1896, to Henry E. Parson, for a steam blower; claims 1 and 2 of reissue No. 12,072 (of No. 681,457), granted January 6, 1903, to Henry E. Parson, assignor to complainant, for a smoke-consuming furnace; and claims 1 and 2 of patent No. 702,585, granted June 17, 1902, to Henry E. Parson, for a grate bar. That court in an opinion reported in 180 Fed. 742, held the first and second patents were not infringed and the third was invalid. From a decree dismissing the bill the Parson Manufacturing Company appealed to this court. After argument and due consideration, we are of opinion no error was committed by the court below.

In view of the exhaustive discussion in the opinion above referred to, we refrain from further duplication, and content ourselves with referring to that opinion for explanations of the art and the pertinent facts of the case and with briefly stating the conclusions to which a study of the proofs has brought us. In Parson's patent, No. 573,480, for a steam blower, the specification shows as part of his steam blower a brick-encased chamber. Thus the specification says:

"The nozzle-frame B is connected with a steam supply-pipe C, which is again connected with a suitable superheater D that is arranged in a brick encased chamber D¹ arranged along the side wall of the furnace and the grate E, as shown clearly in Figs. 1 and 5. The steam is supplied to the superheater D by a pipe D² from the steam dome of the boiler and superheated by the heated bricks which form the chamber D¹, so that the steam is supplied in dry and superheated condition to the nozzles of the blower."

From this it will be seen that the chamber in question was not only in fact brick-encased, but that the bricks of the casing had the function of superheating the steam. This form of construction was carried into claim 1 as "an elongated brick-encased chamber arranged above the grate of the furnace, adjacent to the side wall of the furnace," and into claim 2 as "an elongated brick-encased chamber arranged above the grate of the furnace adjacent to the side-wall of the same." As touching these elements we agree with the conclusion reached by the court below, namely:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"In view of the disclosures of the prior art and the limitations· imposed upon the claim in question, and keeping in mind that by the term of the claim the superheater of the patent in suit was required to be located in an inclosed brick-encased chamber arranged above the grate of the furnace and adjacent to the side wall of the furnace, it follows that a superheater, which, like that of the defendant is not inclosed in a brick-encased chamber, is not above the grate of the furnace, and is not adjacent to the side wall of the furnace, is not within the claim,"

—and that infringement was not shown.

As to the reissue patent, No. 12,072, we agree with the court below that the burden upon the complainant of clearly establishing the fact of infringement has not been met. This is not the case of one having on hand and offering to furnish an infringing device, or, indeed, was the device one which could be made or kept in stock and furnished. The reissue was for a large, smoke-consuming furnace which could only be built in place. The respondent bid upon a contract to alter certain old furnaces in a municipal water system, which provided:

"The bridge walls must be rebuilt so as to give a supply of hot air over the fires. said supply to be regulated by damper and where possible bridge wall must be made with a cleaning shelf."

Now, in attempting to carry out this contract, the respondent tried to make a cleaning shelf by beveling off, an old bridge wall in a well-known way, and which if it had succeeded would not have infringed. Because of the thinness of the bridge wall it was impossible to complete the construction, the bridge wall was restored to its former condition, and the project abandoned. To hold the respondent guilty of infringement under these circumstances would be going beyond any case called to our notice, and we think the court below well said:

"There is nothing in the contract, specifications, or drawings to show that he intended to build the banking platform called for by the Parson patent. The defendant's testimony which is directly to the contrary is the only evidence in the case upon the point. Moreover, the contract, as appears upon its face, was contingent. A cleaning shelf was only to be built in case it were possible by the use of the old bridge wall. While threatening infringement may undoubtedly be enjoined, the evidence in this case shows but a vague and conditional threat, if threat it be, which is best interpreted by what·the defendant actually did or rather tried to do before he found out the impossible character of his undertaking. He merely beveled off the bridge wall, and, if that made a cleaning shelf. it was old in the art and only that which he had a perfect right to do, as will appear by examining the following patents: No. 418,955, to Miller, January 7. 1890; No. 421.990, to Tobin, February 25, 1890; No. 640,726, to Wilder, January 2, 1900 ; No. 498.959, to Metz, June 6, 1893. The burden of proof to show infringement rests upon the complainant, but there is not a word of testimony to show that the defendant ever contemplated much less threatened to construct a bridge wall and banking platform with their intercommunicating air channels as called for by the patent in suit."

As to the third patent, No. 702,585, we agree with the court below that the giving of a serpentine or zigzag shape to a rib placed on the under side of an otherwise flat grate bar does not involve invention. The whole matter is aptly summed up in the opinion, which says:

"The placing of a stiffening rib along the middle of the under side of any bar, plate, or strip of iron is a mere commonplace, as much so as an ordinary

brace or strut in carpentry. In cast iron it is as easy to make a stiffening rib crooked as straight, and it surely required no inventive insight to see that with a perforated grate bar (the holes being naturally staggered in accordance with common usages) a stiffening rib along the middle would avoid blocking the holes (especially if these are set closely together) by giving this rib a zigzag or serpentine shape."

We accordingly dismiss this appeal at the cost of the appellant, and affirm the decree of the court below.