**BELLOWS et al. v. NEW YORK CENT. R. CO. (two cases).**

(Circuit Court of Appeals, Second Circuit.   May 12, 1920.)

Nos. 180, 181.

Patents ☞328—762,796 and 762,858, for car sill, void for lack of invention.

The Bellows patents, No. 762,796 and No. 762,858, for a car sill, consisting of a steel channel reinforced by an angle bar, *held* void for lack of invention.

Appeal from the District Court of the United States for the Southern District of New York.

Two suits by Arthur B. Bellows and others against the New York Central Railroad Company.   Decrees for defendant, and complainants Bellows and Slack appeal.   Affirmed. .

George H. Parmelee and Clarence P. Byrnes, both of Pittsburgh, Pa., for appellants.

Robert J. Fisher, of Washington, D. C., for appellee.

Before WARD, ROGERS, and MANTON, Circuit Judges.

MANTON, Circuit Judge.   The patents were issued on June 14, 1904, to the appellant Bellows, for car sills.   Thereafter the Cambria Steel Company became ·the exclusive licensee under this patent.   A provision of this license agreement provided that it was the understanding of the parties that if the patents were declared invalid, or found to infringe patents to others, the Cambria Steel Company would have the right to surrender the agreement and would not thereafter be obligated to pay royalties under it.   After the decision of the District Court, the Cambria Steel Company refused to further be bound and discontinued payment of royalties pursuant to the terms of this agreement.   There has been a severance of parties granted, and this appeal is prosecuted without the Cambria Steel Company or its aid.

The patents relate to railroad freight cars, and particularly freight cars having flat bottoms, such as flat cars and gondola cars, as distinguished from hopper cars, where there is no flat floor.   The patent relates to the sills supporting underframes of the cars on which the body is mounted.   They are the supporting longitudinal sills, and especially the center sill, which forms the backbone of the car, running lengthwise of the car frame from end to end.   These are connected with the center and side sills by body bolsters.   The claims involved in patent No. 762,796 are 1, 7, 10, 11, 12, 13, .14, 15, 16, and 17; and claims 1 to 9, inclusive, of patent No. 762,858.   The suggestion of counsel is that the following language covers each:

"A car sill, consisting of a channel reinforced by an angle bar or other flanged shape secured to it at any point below its top and between the body bolsters, and in some instances extending below the bottom of the channel.

"A car sill, composed of one or more channel girders, each of which has a reinforcing angle bar secured to it at a point between the bolsters, and not projecting either above or below the flanges of the channels making up the sills."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The need for steel sills came at a period of the transition from wood to steel cars. The problem, if there was one involved, was to avoid the fish-belly shaped sills, and arrange for a proper distribution of the strains and stresses. It involved having due regard for the buffing strains and the economical manufacture of the sills. The inventor in his specifications states that—

"Heretofore, in order to obtain the necessary strength at the central portion of car sills, the webs of these sills have been commonly formed of gradually increasing depth from the ends toward the center. The making of these sills, whether formed of pressed steel shapes or of a sheet with angles riveted along its edges, has been an expensive operation, and necessitated the use of special and expensive machinery. My invention obviates this difficulty, and it consists in securing along the central part of the sill a separate longitudinal strengthening member; this member adding the necessary strength at the desired points."

The transition period between the wooden and steel cars, and the making of necessary repairs in used cars, brought out many types of sills and reinforced channels used as sills. This record is topheavy with instances of the inventor's idea of reinforcing structural steel beams used as supporting sills for freight cars and other load-carrying appliances. Indeed, it has been the subject of grant of several patents which have been offered as part of the prior art. The reinforcing angle and other bars have long been secured along the lower edge of roll channel beams in various structures, including cars and their parts, as well as the framework of buildings and bridges. Straight channel sills of pressed steel were rolled, as were straight sills of channel form built up from plate and angle bars. Steel fish-belly sills of channel form, each of which was provided with a reinforcing angle secured along its lower edge, was used in 1900 and 1901 on railroads and manufactured by the Pressed Steel Car Company. In some instances this angle was flush with the bottom of the sill, and in others extended beyond the bottom of the sill.

This prior use illustrates the reinforcing of sills. To be sure, they were of the fish-belly shape, as distinguished from the Bellows straight sill, or roll shape reinforced; but drop bottom gondola cars were built for the Louisville & Nashville Railroad and used by it as early as 1895. In its cars there was bolted to the sills of the cars, which were of wooden timbers, along its lower inner edge, a smaller reinforcing timber, which was flush with the bottom of the sill and extended from bolster to bolster; the ends of the reinforced beams being notched or gained, so as to rest upon the upper surface of the bolster. But straight steel beams, used for carrying loads and for meeting stresses and strains of heavy loads, were old in the arts. In the shipbuilding art, as appears in the patent to Withy & Siveright, No. 14,885, granted in 1886, and to Stuart, granted June 3, 1890, girders in the form of channels were both built up and integral, which were provided with angle reinforcements at the point of stress. In the building art, straight channels were reinforced at the point of stress by reinforcing plates.

We think that it did not constitute invention to make and reinforce straight channels and use them as sills. It was an obvious expedient to take care of stresses and strains. The idea of making a car sill from

rolled material, which was for years made and could be purchased in the open market, was not the subject of patentable invention. The reinforcing of the car sill was long before anticipated. The publication which was offered in evidence of the Master Car Builders' Association antedated the time of conception of this invention. What the inventor did was to apply to the steel sill a reinforcement analogous to that which had been applied to wooden cars. We think that the claim of advantages of greater strength in appellants' construction over that of the fish-belly shaped sills was fully met by the proof that fish-belly sills have not been supplanted by straight sills and are in very extensive use, and, even in this day, may be found as a prevailing type.

What advance was made by the appellant Bellows was simply an outgrowth of mechanical construction required for the transition period from wooden to pressed steel cars, in the matter of rearrangement and readjustment of the many parts necessary for the building of the car. We find nothing of an inventive character in what he accomplished. It was never the object of the patent laws to grant a monopoly upon an idea which would naturally occur to a mechanic in the ordinary progress of manufacture. Atlantic Works v. Brady, 107 U. S. 192, 2 Sup. Ct. 225, 27 L. Ed. 438. It was held not patentable to place a strip of steel upon a horizontal leather part of a shank strip for the purpose of stiffening it. Crouch v. Roemer, 103 U. S. 797, 26 L. Ed. 426. And it was no invention to place a stiffening rib upon the under surface of a grate bar. Parson Mfg. Co. v. Coe, 185 Fed. 522, 107 C. C. A. 628. Nor was it patentable to reinforce a plowshare by a patch of soft metal welded into the inner face. Moline Plow Co. v. Omaha Co., 235 Fed. 519, 149 C. C. A. 65. "Invention in reinforcement is to be found only in discovering a new principle or employing new means embodying the old principle." Turner v. Lauter Piano Co., 248 Fed. 930, 161 C. C. A. 48.

We agree with the District Judge that any reinforcing of the steel sills would occur to the lay mind, not to speak of the skilled mechanic. In view of the prior art and publications as disclosed by this record, we are satisfied that no invention is disclosed in appellants' idea of metal sills.

The decrees are affirmed.