In re CAMPBELL. *
Patent Appeal No. 2732.

Court of Customs and Patent Appeals.
April 29, 1931.

"Rehearing denied May 27, 1931.

Vernon E. Hodges, of Washington, D. C. (J. Preston Swecker, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner, rejecting all of the claims of appellant's application, five in number, for want of patentability in view of the prior art.

Claims 5 and 9 are illustrative of the claims in issue and read as follows:

"5. The combination with a reciprocating pump having power and water cylinders at the opposite ends thereof and·connected to-gether by a cradle, of bosses extending out-wardly from the power and water cylinders and formed thereon, tie rods extending through the bosses for rigidly connecting the power and water ends of the pump together to relieve the cradle of undue strain, and means connected with the ends of the tie rods for tightening said rods and holding them rigidly in the bosses."

"9. The combination with a reciprocating pump having power and water ends con-nected together by a cradle, of one or more tie rods secured to the power and water ends, and connecting the same together for reliev-ing the cradle of undue strain."

The references are:

Halsey, 295,000, March 11, 1884.

Worthen, 314,161, March 17, 188b.

■ The application relates to tie rods for pumps. The Board of Appeals in its decision states:

"Ordinarily the power and water ends of a steam power pump are spaced apart by a casting known as a cradle bolted at its ends to the adjacent ends of the power and wa-ter ends. Applicant asserts that in practice the jarring of the reciprocating mechanism of the pump causes the cast metal of the cradle to crystallize and fracture, necessitat-ing disuse of the pump until a new cradle can be obtained to replace the broken part.

"To obviate fracture due to crystalliza-tion and tensile strains applicant has initial-ly strengthened the pump by adding longi-tudinally perforated lugs to the power and water parts and has tied these parts and the intervening cradle together by tie rods or bolts passed through the perforated lugs. The parts are held securely together by nuts on the screw threaded ends of the tie rods bearing against the lugs."

The reference Worthen does not show a cast cradle, but does show tie rods, bosses and nuts on the tie rods, the whole connect-ing the power and water ends of a pump. The patentee states in his specification that he employs a number of such rods, usually three, to produce a cradle of small size. In other words, his device is not a reinforce-ment of a cradle, but the rods themselves form the cradle.

The patent to Halsey relates to a steam rock drill, and figure 1 of the drawing shows a tie rod with a nut on one end thereof to hold the parts together.

The Board of Appeals in its decision said:

"* * * The use of tie rods to secure parts against separation due to tensile strains occurs in every day practice as in rock drill-ing machines where the heads of the cylinder are held together with the body of the cylin-der by tie rods or bolts. An example of such practice is shown in the patent to Halsey, No. 295,000, March 11, 1884.

"In the patent to Worthen, cited by the examiner, the tie rods D have their ends re-duced in diameter and screw-threaded to pass through the perforated lugs extending from the adjacent heads of the power and water parts of the pump. The tie rods D serve the same purpose as applicant's cradle and tie rods.

"We agree with the examiner that to em-ploy the usual cradle with what is shown in Worthen would not be patentable and fur-thermore the addition of strengthening tie rods to an old construction where needed would not involve invention."

We agree with the conclusion reached by the Board of Appeals. Assuming that the

Worthen reference is not a direct anticipation of appellant's device, we think that appellant's tie rods are merely a reinforcing device which, in view of the prior art, is an obvious use and does not involve invention.

There are numerous authorities to the effect that ordinarily the application of reinforcing devices to a structure does not involve invention. Crouch v. Roemer, 103 U. S. 797, 26 L. Ed. 426; Parson Mfg. Co. v. Coe (C. C. A.) 185 F. 522; Turner v. Lauter Piano Co. (C. C. A.) 248 F. 930, 933.

There are three affidavits found in the record pertaining to commercial success of appellant's device. One of such affidavits was filed in the Patent Office after the decision by the Board of Appeals, and after appellant had filed with the Commissioner of Patents a notice of appeal to this court. If otherwise relevant, said last-named affidavit could not be considered by us for the reasons stated in the case of In re Fisher, 37 F.(2d) 628, 17 C. C. P. A. 864.

As to the other affidavits, the rule is well established that only where there is doubt as to want of patentability can evidence of commercial success be considered. In re Husted, 39 F.(2d) 713, 17 C. C. P. A. 1002.

In the case at bar, we have no doubt of the lack of patentability of appellant's device, hence evidence of commercial success cannot be considered by us as affecting such question of patentability.

The decision of the Board of Appeals is affirmed.

Affirmed.