25 C.C.P.A. (Patents)

## In re PRINZLER.
### Patent Appeal No. 3966.

Court of Customs and Patent Appeals.
June 6, 1938.

Arthur M. Hood, William Perry Hahn, and Harold B. Hood, all of Indianapolis, Ind., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner rejecting claims 1, 2, 4, and 5 of appellant's application for a patent. The examiner also rejected claims 3, 9, and 10 of the application, but upon appeal the Board of Appeals reversed his decision as to said last-named claims, and they stand allowed.

Before us appellant's counsel has moved to dismiss the appeal as to claim 2, which motion will be granted, leaving claims 1, 4, and 5 before us for consideration. They read as follows:

"1. In a panic lock, a main die-forged casing comprising a top plate, integral depending side walls and laterally separated ears backed by a heavy connecting fillet integral with the ears and top plate, and an operating lever pivoted between the ears with a manually engageable portion and an inner arm lying between the ears and projecting into the casing and having a throw-limiting portion of substantial extent lengthwise of said inner arm engageable with an exposed portion of said fillet of substantial extent outwardly beyond the plane of said top-plate.

"4. In a panic lock, a die-forged metal casing comprising a top plate, depending side walls, and an annular shaft pocket in its top plate, two bolt actuators slidably mounted in the casing, a rocker arm connecting said actuators for opposite movement, a retaining plate overlying said actuators and rocker arm and a cam shaft journalled in said retaining plate with one end journalled in the top plate pocket and the other end formed for knob operation; said cam shaft having oppositely arranged arms each having a one-way engagement with one of the bolt actuators.

"5. In a panic lock, a die-forged bolt actuator having an integral pin by which it may be actuated, and also having spring pocket completely open along one side and at one end."

The references cited with respect to the claims before us are: Weibezahl et al. (Ger.), 27,884, July 8, 1884; Voight, 938,526, November 2, 1909; Voight, 1,069,075, July 29, 1913; Voight, 1,345,041, June 29 1920; Bolles 1,646,990, October 25, 1927.

Appellant's alleged invention is concisely described in the decision of the Board of Appeals as follows:

"The invention relates to a panic lock which is employed on doors in public places such as theaters. It comprises a casing, oppositely slidable bolt actuators in the casing, and a centrally pivoted rocker arm connecting the actuators. Springs are provided for normally moving the actuators outwardly to lock the bolts. The bolt actuators are moved in the opposite direction by means of a manually operable lever pivoted in ears on the outer side of the front plate of the casing. The lever is provided with an inner arm projecting into the casing and engaging one of the connected bolt actuators. A cam shaft also projects through the back plate of the casing and is provided with arms for operating the bolt actuators when the shaft is rotated. The bolt actuators can thus be actuated by the cam shaft from the outside of the door. A key operated lock is provided for locking this cam shaft at will."

Each of the references relates to door locks, and all except the German patent specifically relate to panic locks.

We do not find it necessary to describe the references in detail for it is admitted by the Patent Office tribunals that the spe-

cific elements relied upon by appellant for patentability are not disclosed therein, but the holdings of those tribunals were that such elements do not lend patentability to the claims.

We will therefore consider such elements of the claims which appellant contends render the claims patentable over the references.

In claim 1 these elements are, as stated in appellant's brief, as follows:

"1. The main casing must be die-forged,

"2. The laterally separated ears must be *connected* by a *heavy* fillet which is integral with the ears and top plate; and,

"3. The inner arm of the operating lever must have a throw limiting portion *of substantial extent lengthwise of said arm, which portion is engageable with an exposed portion of the fillet, of substantial extent* outwardly beyond the plane of the top plate."

It was the view of the Patent Office tribunals that, while none of the references disclosed a die-forged casing, there would be no invention in substituting such a casing for a casing of cast metal. The examiner cited the case of In re Higgins, 40 App.D.C. 29, as an authority supporting such view.

■ It is the ordinary rule, as appellant's counsel admits, that the mere substitution of materials is unpatentable. There are exceptions to this rule and it is appellant's position that a lock for emergency exits which is sturdier than one that could be secured by the use of a cast metal casing involves invention.

It is our view that if experience showed that cast metal casings for panic locks were likely to be broken in panic conditions or emergency conditions, it would be obvious to one skilled in the art that die-forged casings would remedy the difficulty, and would be substituted for the cast metal without the exercise of the inventive faculty.

With respect to that portion of the claim which embraces "a *heavy* connecting fillet *integral* with the ears and top plate" (italics ours), we agree with the Patent Office tribunals that no invention would be involved, as a part of the combination, in making the fillet heavy or making it integral with the ears and top plate.

■ The general rule is that there is no invention in making a device strong enough to perform the function for which it is designed. In re Pomeroy, 64 F.2d 681, 20 C.C.P.A., Patents, 1026; In re Morgan, 77 F.2d 531, 22 C.C.P.A., Patents, 1264; In re Campbell, 48 F.2d 915, 18 C.C.P.A., Patents, 1351; Parson Mfg. Co. v. Coe, 3 Cir., 185 F. 522.

■ It is also true that, ordinarily, there is no invention in making parts integral instead of riveting or otherwise fastening them together. Howard v. Detroit Stove Works, 150 U.S. 164, 14 S.Ct. 68, 37 L.Ed. 1039; In re Wickersham, 75 F.2d 214, 22 C.C.P.A., Patents, 969; In re Bush, 46 App.D.C. 141.

■ With regard to the element of the claim reading "* * * and an inner arm lying between the ears and projecting into the casing and having a throw-limiting portion of substantial extent lengthwise of said inner arm engageable with an exposed portion of said fillet of substantial extent outwardly beyond the plane of said top-plate," the examiner expresesd the view that "One skilled in the art could without the exercise of invention proportion the various parts in the references as recited in claim 1."

We see nothing inventive, in view of the references, in providing in the combination an inner arm having a throw-limiting portion, as described in the claim, for it seems to us that the advantage of such an element in the combination would be obvious to one skilled in the art.

In claim 4 the elements in the combination, in addition to the die-forged casing which we have discussed with respect to claim 1, upon which appellant relies to lend patentability to the claim over the references are the provisions for:

"* * * a retaining plate overlying said actuators and rocker arm and a cam shaft journalled in said retaining plate with one end journalled in the top plate pocket and the other end formed for knob operation; * * *."

The patent to Weibezahl et al. discloses a cover plate for a lock, and as to the feature of journalling in the cover plate the examiner stated: "It is immaterial whether knob spindles carrying these rocker arms are journalled in the top plate or only in bottom (retainer) plate as shown in the patents."

We are in agreement with the Patent Office tribunals that appellant's contentions

that claim 4 is patentable over the cited references cannot be sustained.

In claim 5 appellant relies for patentability upon the requirement of "a die-forged bolt actuator having an integral pin by which it may be actuated," and also upon the requirement of a "spring pocket completely open along one side and at one end."

With regard to the bolt actuator being die-forged, and its having an integral pin, what we have said with respect to the die-forged casing and parts being made integral, in discussing claim 1, is applicable to these features of claim 5. With respect to the spring pocket being completely open along one side and at the end, the Board of Appeals held that there would be no invention in omitting one side wall of the spring pocket disclosed in the patent to Bolles. We are in accord with this view.

While we are impressed that appellant has disclosed a panic lock having advantages over the locks disclosed in the references, we are of the opinion that none of such advantages resulted from the exercise of the inventive faculty.

The appeal as to claim 2 is dismissed, and as to the remaining claims the decision of the Board of Appeals is affirmed.

Affirmed.