28 C.C.P.A.(Patents)

## In re BELSINGER.
### Patent Appeal No. 4387.

Court of Customs and Patent Appeals.
Dec. 9, 1940.

Eugene G. Mason and Herbert H. Porter, both of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1 and 2, in appellant's application for a patent for an alleged invention relating to new and useful improvements in shipping containers composed of "pulp board material."

The appealed claims read:

"1. A shipping container of pulp board material comprising upper and lower body sections, said sections being formed of identical integral rectangular blanks each folded to provide vertical portions for constituting side walls having free edges and having its ends joined, opposed pairs of side walls on each section having flaps integral therewith and joined at a scoring line of the blank, the flaps of each pair being located in plane and overlapping the flaps of another pair and bearing thereagainst, stitching means passing through flaps of both said pairs joining substantially the entire overlapped areas whereby to constitute each section as a firmly joined and preformed unit to provide the top or bottom of a container, said sections being identical in size and shape of the perimeter of the free edges so that the edges abut throughout the perimeter in the closed container, and an external sealing means overlapping the free edges and secured to both said sections substantially for the perimeter of said free edges for holding the sections against movements of separation and shifting relative to one another, said stitching means at each end comprising a plurality of staples which have been passed through the flaps from the interior of the container and having their outward ends clinched upon the corresponding outer flap.

"2. A shipping container of pulp board material comprising upper and lower body sections, said sections being formed of identical integral blanks each folded to provide vertical portions for constituting side walls having free edges and having its ends joined, opposed pairs of side walls on each section having flaps integral therewith and joined at a scoring line of the blank, the flaps of each pair being located in plane and overlapping the flaps of another pair and bearing thereagainst, means securing the flaps to constitute each section as a firmly joined and preformed unit to provide the top or bottom of a container, said sections being identical in size and shape of the perimeter of the free edges so that the edges abut through-

out the perimeter in the closed container, and an external sealing means overlapping the free edges and secured to both said sections substantially for the perimeter of said free edges for holding the sections against movements of separation and shifting relative to one another."

The references are: Weiss, 1,119,208, Dec. 1, 1914; Bliss, 1,514,364, Nov. 4, 1924; Belsinger, 1,983,265, Dec. 4, 1934.

As will be observed from the appealed claims, appellant's shipping container is composed of two sections which are identical in shape and size. Each section is made from a single blank, and each of its four side walls has a flap integral therewith at one end. In forming the container, the flaps of the side walls of each section are folded down and stapled (stitched) together to form a closure at one end. The free edges (open ends) of the two sections are brought together and sealed by means of a heavy sealing strip; hence, one section forms the top and the other the bottom of the container. In packing the container, each section is filled with goods before the sections are joined together.

In view of the fact that the two sections forming appellant's container are identical in size and shape, and, as each is made from a single blank, only one cutting and scoring die is necessary to produce appellant's container.

The patent to Weiss relates to collapsible shipping containers made of fibrous material, and discloses a container composed of three sections. Each section is made from a single blank. One section (the main body portion of the container) is composed of four side walls. The other two sections (the top and bottom portions of the container) are identical in size, shape, and construction, each being composed of side walls (referred to in the patent as "bands") having flaps integral therewith at one end. In forming the container, the walls or "bands" of the top and bottom sections are fitted over and around the ends of the side walls of the main body section and attached thereto "by suitable means such as staples," and the flaps of the top and bottom sections are folded down and fastened together by staples or other suitable means. It should be stated at this point that the walls forming the main body portion of the patentee's container are much longer than the walls or "bands" of the top and bottom portions,

as the latter walls or "bands" serve merely to connect the bottom and top sections to the walls forming the main body portion. In view of the fact that the main body portion differs in size and shape from the top and bottom portions of the patentee's container, two cutting and scoring dies are necessary to produce the container.

The patent to Bliss relates to fiber shipping cases and discloses a container composed of three sections, each apparently made from a single blank. One section—the main body portion—is composed of a base and two side walls. Each side wall is provided with an integral flap at its upper end. The base portion serves as the bottom of the container. The other two sections, the end portions of the container (referred to in the patent as the "end blanks"), are identical in size, shape, and construction. They are provided with integral flaps at the upper ends and integral fastening strips or flaps on the sides. In forming the container, the fastening strips or flaps on the sides of the end sections overlap the side walls of the main body portion and are attached thereto by means of staples, and the flaps on the walls of the main body section and the flaps on the upper ends of the end sections are folded down and fastened together by means of staples to form a closure for the top of the container.

The patent to Belsinger (appellant's patent) discloses a shipping container of pulp board material composed of two sections which are identical in shape and size. Each section, which is made from two blanks, is composed of four side walls open at one end and closed at the other by means of a sheet of the container material having flanges which fit down over and, by means of staples, are attached to the side walls. In forming the container, the two sections are brought together and joined as in appellant's involved application; that is, the free edges (open ends) of the two sections are brought together and sealed by means of a heavy sealing strip. Hence, as in the involved application, one section forms the top and the other the bottom of the container. It will be observed, therefore, that the only difference between the container disclosed in appellant's patent and the container defined by appealed claim 2 is that in appellant's patent a closure for each section of the container is formed by means of a separate sheet having flanges, whereas, in his involved

application a closure for each section is formed by means of the flaps which are integral with the side walls.

Appealed claim 1 contains the limitation, which is not in appealed claim 2 and is not disclosed in the prior art cited, that, in fastening the integral flaps to form a closure for each section, the staples pass "through the flaps from the interior of the container" and "their outward ends [are] clinched upon the corresponding outer flap"; that is, the "flaps are stapled together from the inside out." In the Belsinger patent (appellant's), the walls of the main body portion of the container and the flanges of the sheet, which sheet forms the closure for each section, are stapled together from the outside in.

In his statement to the Board of Appeals, the Primary Examiner stated that the flap type of closure, such as is called for by the appealed claims, "has long been known and extensively used in the art, the Weiss and Bliss patents being merely examples of many others," and that the patent to Weiss discloses closure flaps "integral with a strip which is folded around to form a body portion, the blank used being obviously similar to applicant's blank * * *." The examiner further stated that—

"From Weiss' disclosure it is obvious that two identical blanks would serve for both of his closures, and these blanks when folded up could also obviously be secured together directly by a sealing strip to make *a smaller container* in the manner shown in the Belsinger patent [appellant's]. * * *

"The above discussion fully covers every feature of claim 2, and all parts of claim 1 except the provision at the end of the claim *for passing the staples through the flaps from the inside and clinching them at the outside*. This, of course, could not be done for more than one of the closures of a closed box, such as shown by Bliss, but it could be done for both of the closures of Weiss if they were used without an intermediate body member in the way that is shown in the prior Belsinger patent [appellant's]. Furthermore, no obvious advantage appears for thus reversing the staples from the position shown in Bliss, and on the other hand, it might be possible for a persistent pilferer to open out the ends of the staples and get into the box as could not be done if the ends of the staples were clinched inside." (Italics ours.)

The Board of Appeals affirmed the examiner's decision rejecting the appealed claims, stating in its decision that it was "convinced that the examiner's action was proper for the reasons stated by him."

It is apparent, as argued by counsel for appellant, that the shipping containers defined by the appealed claims are new and useful, and that they are cheaper to manufacture than the shipping containers disclosed in the reference patents. We are of opinion, however, as were the tribunals of the Patent Office that, in view of the disclosures in the references, the structures defined by the appealed claims do not involve invention.

The patent to Weiss, as hereinbefore set forth, discloses identical top and bottom portions for his container which are composed of side walls or "bands" provided with flaps at one end, the flaps being designed to be stapled together to form a closure. If the main body portion of the Weiss container, which is composed of four side walls, be omitted and the top and bottom portions brought together and secured in the manner disclosed in the Belsinger patent (appellant's), the appealed claims, with the exception of the limitation contained in appealed claim 1 (that the flaps are stapled together from the inside out), would read literally on the Weiss disclosure.

Counsel for appellant argue, however, that there is no suggestion in the patent to Weiss that the main body portion of the container—the four side walls—might be omitted and the top and bottom portions brought together to form a container. That is true. However, we think it is clear that if appellant desired to reduce the cost of manufacture of the container disclosed in his patent, or to otherwise improve it by providing a flap closure for each of the sections thereof, it would, with the exercise of nothing more than mechanical skill, readily occur to him to lengthen the walls or "bands" of the top and bottom portions of the Weiss container and bring the two sections together and seal them in the manner set forth in his patent. Furthermore, we are of opinion that the limitation contained in appealed claim 1 that the flaps are stapled together from the inside out, instead of outside in, is not sufficient to lend patentability to that claim for the reason that such an arrangement, although not dis—

closed in the references of record, would be obvious to one skilled in the art.

We have given careful consideration to all of the arguments presented here with great earnestness by counsel for appellant, but are unable to hold that the appealed claims define patentable subject matter. Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.