39 C.C.P.A.(Patents)

**Application of JONES.**

**Patent Appeal No. 5871.**

United States Court of Customs and Patent Appeals.

March 27, 1952.

Charles F. Miller, Jr., Washington, D. C. (Edmund H. Parry, Jr., Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

Appellant has appealed from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner finally rejecting claims 6 and 8 of an application relating to "Plastic Caps for Attachment of Snap Fastener Sockets and the Like," serial No. 763,861, filed July 26, 1947.

Three claims were allowed.

The involved claims were rejected as failing to patentably distinguish over a patent to La Dow, No. 449,940, April 7, 1891. The rejected claims read as follows:

"6. An attaching cap for assembling a snap fastener part to a support, said cap being formed of plastic material and providing a one piece structure free of any metal part and having a top portion and an inwardly extending flexible slanting wall under said top portion and terminating at a metal-free opening to provide an expansible divergent walled cavity to receive a portion of the snap fastener part when expanded within said cap.

"8. A cap member adapted to serve as a covering and as a means for attaching a sheet metal snap fastener part to a supporting material, consisting of a cup-shaped one-piece metal-free body of moldable plastic material having a top portion and an inwardly converging peripheral resilient flange providing a preformed divergent walled cavity within the body and within which a sheet metal fastener part may be upset and expanded into direct and intimate

contact with the plastic walls of said cavity, the top portion of said body being of greater thickness than said peripheral flange to resist deformation when subjected to pressure to upset a sheet metal socket part within said cavity."

The invention relates to a socket member for a snap fastener commonly used on gloves and the like. Fasteners of this character ordinarily comprise a head stud and a cooperating socket member. It is to the socket member that the present invention relates.

The allowed claims define the socket member as a whole and the rejected claims are for the cap element of the socket, which may be readily understood by a reading of the rejected claims.

The La Dow patent, which it may be observed is more than 60 years old, discloses a fastener for shoes and gloves having a capacity for adjustment so that they may be fastened more or less tightly, as desired. There is disclosed a button or head which may be of molded composition and in which there are two concentric cups or ferrules both contracted at their open ends. The purpose of the contraction is to provide an annular space for the reception of a metallic shank which serves to fasten the button.

It will be noted that the cap of the patent is not merely the molded composition but consists of that composition together with the concentric cups or ferrules. Therefore, in our opinion, the cap member is composed of three parts.

It was the view of the lower tribunals that a cap such as is involved here formed of any plastic materials is not patentable over the molded composition cap of the reference. They further attach no patentable significance to what they termed negative, functional, or use limitations that appear in the claims.

The Board of Appeals in its decision pointed out that the sole question was the patentability of the cap of appellant over the molded portion of the cap of the La Dow patent.

We are impressed with the contention of counsel for appellant that the cap or head of the patent to La Dow is in more than one piece. We cannot understand how the molded cap surrounding the ferrules could have had a separate existence. Furthermore, it appears to us that the cap defined in the rejected claims properly and correctly provides for a cap which has no metal part and has inwardly extending flexible slanting walls and terminates at a metal-free opening.

We think that such cap is clearly described in appellant's specification in which it is stated that " * * * it will be seen that the cap member, as a result of the flexible characteristics of its plastic construction, is capable of expansion and contraction with the socket piece during engagement of a stud head with the socket piece * * *." It further appears that "Also, the plastic cap is constructed in a novel way to provide a sufficient thickness of material at its closed top portion to allow the stud-engaging sections of the socket piece to be expanded within the cap by end pressure against the cap top portion without bulging or disfiguring the outer surface of the top portion, and at the same time, to have an inwardly extending wall on the under side of the cap of less thickness than the top permitting the wall to yield with the flexible stud-engaging sections of the socket piece during engagement of a stud therewith."

In our opinion, the cap of the patent is not of one piece construction and we find nothing in the specification or claims to indicate that the patent cap possesses flexibility or resiliency. Therefore, we conclude that the cap of the patent is a rigid member.

We are of opinion that it required the exercise of invention on the part of appellant to conceive the idea of the cap as defined in the claims. As far as prior art is concerned, as it appears in the record here, there was no snap fastening device which had as one of its elements a flexible one-piece non-metallic cap before appellant's invention. It seems to us that appellant has greatly advanced the art of snap fasteners and effected savings to those who use them.

In our opinion the rejected claims not only patentably distinguish from the prior art, but also the notion of forming a cap

as appellant has done, is an inventive conception. We discussed inventive conception in the case of In re Earle, 102 F.2d 232, 26 C.C.P.A., Patents, 974. We held there that when the idea is once conceived, such as appellant's device discloses, the making of it is perfectly obvious. See also In re Emmey, 161 F.2d 754, 34 C.C.P.A., Patents, 1097.

It is not to be understood that because of the age of the La Dow patent no consideration should be given to it. As was stated in the case of In re Rosenberger, 116 F.2d 507, 511, 28 C.C.P.A., Patents, 818, cited in the brief for the Solicitor, "* * * the mere fact alone that the reference is old does not prevent it from being properly used as a reference * * *."

The decision of the Board of Appeals is reversed.

Reversed.