39 C.C.P.A.(Patents)
## Application of NELSON.
### Patent Appeal No. 5862.

United States Court of Customs
and Patent Appeals.
June 24, 1952.

Rehearing Denied Sept. 30, 1952.

Johnson and O'Connell, JJ., dissented.

William H. Atkinson, San Francisco, Cal. (Lloyd W. Patch, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

WORLEY, Judge.

Appellant has appealed here from a decision of the Board of Appeals of the United States Patent Office finally rejecting as unpatentable over the prior art three claims of an application alleging new and useful improvements in "Shipping Containers and Method of Manufacture." The application was filed March 6, 1946, serial No. 652,370.

The rejected claims read as follows:

"6. A blank for the manufacture of corrugated fibre board containers, comprising a wide rectangular sheet of multi-ply corrugated board having an intermediate corrugated ply, and outer facing applied throughout the entire area of said corrugated ply, a narrower inner facing extending longitudinally and centrally of said corrugated ply and of sufficient width to encompass the fold lines of a finished container, and fold forming score lines and cuts upon said multi-ply board within the limits of said inner facing, whereby the walls of the container will be of double faced construction and the closure flaps thereof will be substantially of single faced construction.

"14. In a multi-ply fibre board shipping case, the improvement which consists in forming the shipping case of a single sheet of double faced corrugated board, leaving part of the

closure flap areas incomplete as to the inner facing component thereof, and disposing the closure flap areas so that when the flaps of the case are closed and glued the over-lapping areas will complete at least one of the incomplete flap facing components of each pair.

"16. A fibre board shipping container comprising, a rectangular box-like container constructed from a single blank of fibre board having a central portion which forms the sides and ends and fold lines of double faced corrugated fibre board and other portions which form the top and bottom closure flaps of single faced fibre board, and characterized by the fact that, when closed and glued said closure flaps will cooperate with each other and provide the equivalent of a double faced corrugated board with a corrugated lining at the top and bottom of the container."

The cited prior art consists of the following patents: J. C. Bulis, 1,555,182, September 29, 1925; E. E. Maston, 1,588,-123, June 8, 1926.

The claimed invention relates to shipping containers fabricated from multi-ply corrugated fibre board. As the board is constructed it contains a middle layer of corrugated cardboard to which is glued an outer facing sheet of paper covering its entire area. The other side of the cardboard has glued to it a like facing sheet of paper that is of reduced width. That facing, when glued to the cardboard, extends at right angles to the corrugations and is only wide enough to encompass the fold line of the blank when folded to complete the container. The entire board is made as a continuous strip and then suitably cut and scored to provide a blank from which is made the finished container. The flap-forming portions of the container are of two-ply construction by reason of the reduced width of the inner paper facing. That construction exposes the corrugated ply inwardly. When the flaps are folded they overlap in pairs on the top and bottom of the completed structure and when glued the flaps co-operate with each other

so that the outer facing of the inner flaps provide the equivalent of a 3-ply top and bottom with an additional ply of corrugated board as a padding at those points. It is alleged in the application that a container so made is lighter in weight and cheaper to make than other containers of the same size and that this result is obtained without loss of strength in the use of the containers.

The Bulis patent relates to a packing box generally similar to that defined in the involved claims. The patent discloses that the packing box is made of corrugated paper between layers of smooth paper which is secured to the faces of the corrugated paper. The object of the invention is to "provide a simple means for re-enforcing the top and bottom edges where the flaps bend * * *." That object is said to be accomplished by means of three strips of paper which cover the corrugated layer and having edge portions which overlap.

The patent to Maston relates to a bottle wrapper. It discloses a wrapper made of corrugated board which is faced on one side with paper. Portions of the corrugated layer and the end-forming portions thereof are omitted.

The Primary Examiner rejected the claims on appeal as unpatentable over the Bulis patent or that patent in view of the Maston reference.

In discussing the Bulis patent, the examiner noted that the three overlapping sheets of paper in that patent are in the areas of the closure flap fold lines and thus provide re-enforced construction at such lines. He was of the opinion that to omit the two outside facing strips of the Bulis device, which function in providing a re-enforced fold line and their inherent function of re-enforcing the closure flaps, would lack invention. He held that such omission would not result in any unobvious or unexpected advantage because such advantage would be inherent.

In discussing the Maston patent, the examiner stated that it is broadly old, as shown in the structure of that reference, to reduce the bulk weight of a container

by omitting portions of the inner thickness and because of such understanding, he was of the opinion that it would be obvious to leave out the two outside paper-facing strips of the Bulis device for the same purpose.

The Board of Appeals agreed with the reasoning of the examiner and his conclusion for the reason that it did not believe that the omission of the two outer paper strips of the Bulis structure would cause the other elements of the device to function differently from those which they normally would perform if the strips were present in that container. The board asserted that appellant was unable to point out any such functions or attribute any new or unobvious results to such omission.

■ The board noted it is well established that if the omission of an element is attended by a corresponding omission of the function performed thereby, there is no invention if the elements retained perform the same functions as before. In re Trester, 391 O.G. 501, 1930 C.D. 54; In re Collins, 408 O.G. 5, 1931 C.D. 247; In re Frey, 417 O.G. 850, 1932 C.D. 165; In re Fischer, 422 O.G. 905, 1932 C.D. 455; In re Porter, 444 O.G. 991, 1934 C.D. 278.

The board, in its decision stated that the rejection of the claims as unpatentable over the Bulis patent in view of Maston appeared to be cumulative and, therefore, it was not deemed necessary to consider such rejection.

It is conceded by counsel for appellant that "if applicant had omitted only the overlapping or reenforcing function of the strips 4 and 5 of Bulis, the examiner's reasoning would appear to be sound * * *."

Counsel for appellant agree as to the correctness of the rule with respect to the omission of an element and its corresponding function but in their brief argue that in the present instance it is believed a distinction can be made as the device here claimed involves only a single element; namely, "a flat foldable blank from which a carton * * * may be formed."

In the structure of the Bulis patent, and with respect to the omission of the two outer strips, we are unable to see that the number of component parts remaining in the device of that patent, or the number which appellant claims, can have any bearing on the application of the rule set out in the cases which are cited by the board.

■ It may well be that appellant has made an improvement over similar structures as shown by the prior art. However, as this court stated in the case of In re Burnham, 53 F.2d 534, 19 C.C.P.A., Patents, 723, 725, that is not sufficient to warrant a granting of the patent if there is absence of invention.

■ In our opinion, no invention is here involved. In view of the prior art it would require no more than the skill of the ordinary mechanic to produce a structure such as is shown in the claims. In re Cady, 111 F.2d 899, 27 C.C.P.A., Patents, 1208.

■ Ordinarily, the application of re-enforcing parts to a structure does not involve invention. In re Campbell, 48 F.2d 915, 18 C.C.P.A., Patents, 1351. As was pointed out by the solicitor in his brief, it may well be that strength in a device is a matter of degree and the amount of strength needed in a given place is usually obvious to the skilled worker in the art.

It is argued in the brief of the solicitor that the converse of that statement should be equally true and for the same reason. In other words, ordinarily there would be no invention in omitting a re-enforcing device when it is seen not to be necessary.

The patent to Bulis discloses the outside strip-re-enforcing devices. Surely it would not involve invention if appellant or anyone else discovered that the device of that patent is sufficiently strong without the re-enforcing parts.

■ It is probably true that the omission of the inner facings from the container of appellant results in a saving of cost, material, and weight, without loss in the strength of the container. That, however, is not sufficient to bring the involved claims into the patentable category. In re Belsinger, 115 F.2d 820, 28 C.C.P.A., Patents, 760.

■ Even though the patent to Bulis is more than 26 years old, that fact standing by itself is no reason why it cannot be

properly invoked as a reference if the structure disclosed and relied upon is clearly and definitely shown. In re Rosenberger, 116 F.2d 507, 28 C.C.P.A., Patents, 818, and In re Jones, 195 F.2d 538, 39 C.C.P.A., Patents, ——.

For the reasons hereinbefore set out, the decision of the board is affirmed.

Affirmed.

JACKSON, J., sat during the argument of this case but retired April 1, 1952, before the opinion was fully prepared. He was recalled in conformity with Section 294 (c) (d), Title 28 U.S.C. to participate in the decision and did so.

JOHNSON, Judge (dissenting).

It is true that, *in the light of appellant's disclosure,* it would not be difficult to modify the prior art devices of record to produce a device such as that disclosed and claimed by appellant. This, however, does not necessarily negative the presence of patentable invention since the conception of a new and useful improvement must be considered along with the actual means of achieving it in order to determine the presence or absence of patentable invention. In re DeLancey, 159 F.2d 737, 34 C.C.P.A., Patents, 849. Although an ordinary person skilled in the art may construct the device claimed, claims may be allowed where there is no teaching in the prior art which would have led him to do so, providing, of course that the claimed device displays the exercise of invention. In re Riggs, 189 F.2d 285, 38 C.C.P.A., Patents, 1094. It seems to me that appellant by his simple changes has indeed produced what the majority refer to as an improvement—in my opinion, a marked improvement—and I fail to find in the prior art anything that suggests the simple changes appellant has made to achieve such improvement.

I am therefore of the opinion that the claimed device is not only new and useful, but involves invention over the art of record. Accordingly, I think the decision of the Board of Appeals should be reversed.

O'CONNELL, J., concurs in this dissent.